[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 14-12361
Non-Argument Calendar

————————————————

D.C. Docket Nos. 0:13-cv-60709-RSR; 12-bkc-19914-RBR

In re: ARMANDO RODRIGUEZ,
    DEBORAH L. CORN,

                                                                              Debtors.

_____

MICHAEL J. WOLFE,

                                                              Plaintiff-Appellant,

versus

ARMANDO RODRIGUEZ,
DEBORAH L. CORN,

                                                              Defendants-Appellees.

————————————————

No. 15-10046
Non-Argument Calendar

————————————————

D.C. Docket No.  12-02101-RBR

ARMANDO RODRIGUEZ,
DEBORAH CORN,

Debtors,

--------------------------------------------------------------------------------------------------------

MICHAEL J. WOLFE,

Plaintiff-Appellant,

versus

ARMANDO RODRIGUEZ,
DEBORAH CORN,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(December 2, 2015)

Before TJOFLAT, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael J. Wolfe appeals, *pro se*, from (1) the district court's affirmance of

the bankruptcy court's orders granting the debtors' motions to strike his pleadings

and filings in the bankruptcy proceeding and related adversary proceeding, and

(2) a default judgment entered by the bankruptcy court in favor of the debtors in

2

the adversary proceeding.  On appeal, Wolfe argues that the bankruptcy court

(1) erred by concluding that he lacked standing to appear in the proceedings, and

incorrectly applied the rule that a corporation must be represented by an attorney to

the facts of this case; (2)  lacked jurisdiction to decide the claims raised in the

adversary proceeding; and (3) abused its discretion by entering a default judgment

in favor of the debtors and against him and Advanced Shelter Solutions, Inc.

("Advanced") in the adversary proceeding.

## 1.    Standing

As a second court of review of a bankruptcy court's judgment, we

independently examine the factual and legal determinations of the bankruptcy

court and employ the same standards of review as the district court.  *IBT Int'l, Inc.*

*v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 698 (11th Cir. 2005).

We review the bankruptcy court's factual findings for clear error, and the legal

conclusions of both the bankruptcy court and the district court *de novo*.  *Id.*  A

factual finding is not clearly erroneous unless, "after reviewing all of the evidence,

[we are] left with the definite and firm conviction that a mistake has been

committed."  *Id.* (quotation omitted).

To have standing in a bankruptcy proceeding, a party must be a "party in

interest."  *Walden v. Walker* (*In re Walker*), 515 F.3d 1204, 1212 (11th Cir. 2008).

Chapter 11 of the Bankruptcy Code provides that a "party in interest" is a debtor or

3

a creditor and that a "party in interest" may raise and be heard on any issue in a bankruptcy case.  11 U.S.C. § 1109(b).  Chapter 7 of the Bankruptcy Code does not specifically define a "party in interest."  *See Westwood Cmty. Two Ass'n, Inc. v. Barbee (In re Westwood Cmty. Two Ass'n, Inc.)*, 293 F.3d 1332, 1337 (11th Cir. 2002).  However, we have held that the right for a party in interest to be heard in a bankruptcy proceeding, as set out in Chapter 11, also applies in a Chapter 7 case. *Id.*  According to the general provisions of the Bankruptcy Code, a "creditor" includes an "entity that has a claim against the debtor."  11 U.S.C. §101(10)(A).  A "claim" is a "right to payment," whether or not such right is reduced to judgment, disputed or undisputed, secured or unsecured, or liquidated or unliquidated.  *Id.* § 101(5)(A).

A corporation cannot appear *pro se* in litigation and must be represented by counsel because it is an artificial entity only able to act through its agents.  *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  This rule applies even where the individual seeking to represent the corporation is an officer or major stockholder.  *Id*.  Parties may not evade this general rule by assigning the corporate claims to a *pro se* plaintiff individually.  *Id*. at 1385-86.

The bankruptcy court properly struck Wolfe's *pro se* pleadings and filings related to a claimed mechanic's lien, because the mechanic's lien was held by Advanced, and, as a corporation, Advanced could not proceed without an attorney.

*See Palazzo*, 764 F.2d at 1385. Further, the assignment of the mechanic's lien claim to Wolfe individually could not be used to circumvent the requirement that Advanced be represented by an attorney to litigate the claim. *See id.* at 1385-86. However, the bankruptcy court erred when it dismissed those portions of Wolfe's *pro se* pleadings and filings in the bankruptcy proceeding that related to his status as an individual creditor pursuant to a state court judgment that he held against Rodriguez. Based on this judgment, Wolfe was a creditor and a proper party in interest under the Bankruptcy Code. *See* 11 U.S.C. §§ 101(5)(a), (10)(A), 1109(b); *In re Westwood Cmty. Two Ass'n, Inc.*, 293 F.3d at 1337.

## 2.    Jurisdiction

We review jurisdictional issues *de novo*. *In re Walker*, 515 F.3d at 1210. The discharge of a debt by a bankruptcy court is an *in rem* proceeding and bankruptcy courts have exclusive jurisdiction over a debtor's property and estate. *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 447, 124 S. Ct. 1905, 1910, 158 L. Ed. 2d 764 (2004). An adversary proceeding is part of the original bankruptcy case, and falls within a bankruptcy court's *in rem* jurisdiction. *Id.* at 451-52, 124 S. Ct. at 1913. Adversary proceedings are required with respect to various matters, including determining the validity, priority, or extent of a lien or other interest in property. Fed. R. Bankr. P. 7001(2); *see also* 28 U.S.C. § 157(b)(2)(A), (K) (providing that core proceedings include matters concerning the

5

administration of the estate, and determinations of the validity, extent, or priority

of liens); *Trusted Net Media Holdings, LLC v. Morrison Agency, Inc. (In re*

*Trusted Net Media Holdings, LLC)*, 550 F.3d 1035, 1044 (11th Cir. 2008) (*en*

*banc*) ("Subject matter jurisdiction . . . is the statutorily conferred power of the

court to hear a class of cases."). However, bankruptcy courts have discretion to

"abstain from hearing any proceeding, including core matters, 'in the interest of

comity with State courts or respect for State law.'" *Stern v. Marshall*, 564 U.S.

___, 131 S. Ct. 2594, 2620, 180 L. Ed. 2d 475 (2011) (citing 28 U.S.C.

§ 1334(c)(1)). Pursuant to 28 U.S.C. § 1334(d): "[a]ny decision to abstain or not to

abstain made under section (c) . . . is not reviewable by appeal or otherwise by the

court of appeals . . . ." 28 U.S.C. § 1334(d).

The bankruptcy court had jurisdiction to hear the claims raised in the

debtors' adversary proceeding, as those claims related to a mechanic's lien

encumbering the debtors' real property, a core matter in the bankruptcy

proceeding. *See* 28 U.S.C. § 157(b)(2)(A), (K); Fed. R. Bankr. P. 7001(2); *Tenn.*

*Student Assistance Corp.*, 541 U.S. at 451-52, 124 S. Ct. at 1913.[1] To the extent

that Wolfe asserts that the bankruptcy court abused its discretion by declining to

abstain from deciding the issues raised in the adversary proceeding, in light of the

---

[1] To the extent that Wolfe argues that the real property subject to the mechanic's lien was no longer within the jurisdiction of the bankruptcy court because it had been effectively abandoned by the trustee, we decline to address the argument, because it is improperly raised for the first time in Wolfe's reply brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (providing that issues raised for the first time in a litigant's reply brief will not be addressed).

pending state court litigation, we lack jurisdiction to review the court's decision. *See* 28 U.S.C. § 1334(d).

### 3.    Default judgment

We review the denial of a motion to set aside an entry of default for abuse of discretion. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).  We also review the entry of a default judgment for abuse of discretion. *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 898 (11th Cir. 1990).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a); *see* Fed. R. Bankr. P. 7055 (providing that Rule 55 applies in adversary proceedings).  A bankruptcy court, like a district court, "may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c); *see* Fed. R. Bankr. P. 7055.  Although the court may consider numerous factors to determine whether a litigant has shown good cause to set aside an entry of default, "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief."  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996).  Following entry of default, the party may apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(b)(2).

7

The bankruptcy court did not abuse its discretion by declining to set aside the entry of default, because Wolfe did not demonstrate good cause for the failure to obtain counsel to represent Advanced in the adversary proceeding. *See Jones*, 858 F.2d at 669. The court also did not abuse its discretion by entering a default judgment against Wolfe and Advanced in the adversary proceeding, because the claims raised in the proceeding related solely to the mechanic's lien purportedly held by Advanced, and Advanced failed to appear or answer in the proceeding. *See* Fed. R. Civ. P. 55(a), (b); Fed. R. Bankr. P. 7055; *Sanderford*, 902 F.2d at 898.

Accordingly, upon review of the record and careful consideration of the parties' briefs, we affirm in part and vacate and remand in part.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**[2]

---

[2] Appellees' motion for attorneys' fees is DENIED.